You can raise or lower a podium using the black switch on the right side. And it's very important that we hear every word of what are sure to be very helpful oral arguments from all of you. So don't worry if you need to take a second to get yourself situated. We are slightly altering the order in which we will hear the cases on today's calendar. We will adhere to the order that is printed on the calendar with the exception of 25-1761 Doe v. Fashion Institute of Technology. We've moved that to the front of the calendar for some housekeeping reasons. So I understand we have counsel for both appellant and the appellee. The counsel for the appellant has sought permission for oral argument. Appellee is present but has not requested oral argument. Is that right? Correct. Okay, but you're here in case we have questions, which we may have. So can I just ask our courtroom deputy for the sheets? Thank you. Thank you. So why don't we hear from Mr. Shiner for the appellant. And I think let me just tee up the question for you. We received late, very late last week, a joint stipulation from the parties indicating that the appeal was withdrawn without prejudice and that the appellant can reinstate the case by filing written notice with the clerk, et cetera, by July 15th. And I think our question is, this doesn't state as much as we usually see in this joint stipulation. Is this pursuant to a settlement from the parties? What's going on? Give us some more information here.  Your Honor, it's our hope that in negotiations with the appellee and the defendant below that we can resolve the matter without having to have the appeal decided. So we are in discussions about resolution of the matter, and we hope that it can be resolved by the date that we placed in the stipulation. Okay. So there's no settlement. There's settlement talks. Correct, Your Honor. Not even a tentative settlement, the details of which still have to be worked out. Well, no, I think that's probably that we have a structure for a settlement. In other words, the elements that we are trying to agree on are established. And I hope my adversary would agree we're not too far apart. There are just details to be worked out. So it's not an entirely hypothetical settlement, Your Honors. You know, we have had several exchanges. We have agreed on some terms of the settlement, and the others just require some refinement.  So it's promising. I believe so, yes, Your Honor. Just because I think the way we usually operate here is we don't usually just allow an appeal to get withdrawn, and then maybe a month later it pops back up, and then it would, you know, if the parties are under the impression that maybe it would just get reassigned to a new panel, that probably would not be the case. And I think one of the questions for this Court is do we even need to take action on this, or would we, for example, just we might hold the case in advance, maybe not have you argue the merits today and ask for a status update. But, you know, we have a number of options that we need to decide how to pursue this. We would generally, in the normal course of events, not simply dismiss an appeal if it could just reappear in our docket a month later. It's usually withdrawn with prejudice after settlement. I'm sorry, Your Honor. This was a practice that was available under the rules, and we didn't realize that it would be that extraordinary. But I'm happy to answer any more questions about the purpose for it. However the Court wants to handle it, we were just hoping that we could, you know, save Your Honor some work by not having to decide the appeal and resolving the matter ourselves. We always greatly appreciate that. Always better if you could work it out on your own, but I think we may have a couple more questions. So can I ask, are you working with CAMP, or do you have your own mediator, or how are you? We have an appellate mediation program. No, we're negotiating on our own, you know, with adversary counsel. We're not working with the mediation program right now. Would it be helpful for us to order you there, or would that be disruptive? I'm happy to hear from our adversary, Your Honor, but in my opinion it would be disruptive because we are so close. So if you run into a roadblock and you think mediation would be helpful, just be aware that the Court has a mediation service, and if you contact the clerk's office if you want their services, that's available to you. Absolutely. We will if we do have a roadblock, Your Honor. Unless there are any questions for the questioners from the panel, can I just inquire of counsel of the appellate, is there anything you feel like you need to add? Do you agree with the representations made by your adversary? Yes, I agree with the representations. Sorry, I'm a little short. I do have to lower this a bit. Yes, and the procedure that we used, it was pursuant to another CAMP mediation that I had. We did file a Local Rule 42.1 statement, so we tried to use the same thing here, but we don't have a mediator. We will, I think, unless there are further questions, we will take the request under advisement you'll be hearing from us. But in the meantime, go about your business. Okay, thank you. Thank you, Your Honor. Thank you very much for the two of you for coming in today and answering our questions. This was very helpful.